## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:12CR30** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **JONY VALENCIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 56) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 41) filed by the defendant, Jony Valencia, be denied. Valencia filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 57, 58) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Valencia is charged in a two-count indictment with conspiracy to possess with intent to distribute methamphetamine (Count I) and possession with intent to distribute methamphetamine (Count II). He seeks suppression of evidence obtained from his encounter with law enforcement that began with a traffic stop on December 14, 2011.

Following an evidentiary hearing, Judge Thalken issued written Findings and Recommendation. Judge Thalken concluded: Valencia has standing to contest the search of the car; the police officer had probable cause to stop the car; and the driver had apparent authority to consent to the search of the car. Judge Thalken therefore recommended that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the Findings and Recommendation to which the defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings

or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a detailed account of the events surrounding the traffic stop, detention and search. The Court has considered the transcript of the hearing conducted by Judge Thalken and carefully viewed the evidence, including the DVD. There are no objections to Judge Thalken's factual findings, and based on a de novo review of the record the Court adopts those findings.

Briefly, at approximately 11:30 p.m. on December 14, 2011, Deputy Siebken stopped a car heading east on Highway 92. The car was traveling at seventy-two miles per hour in a sixty-mile-an-hour zone. Maria Manzo was driving, and the defendant was in the front passenger seat. Manzo accompanied Deputy Siebken to his cruiser where she sat in the front passenger seat. She told Deputy Siebken: Valencia's aunt loaned him the vehicle; she and Valencia traveled from California by train to Grand Island and were en route to Chicago in the car; Valencia directed her to travel on Highway 92; she had never been to Nebraska before; and neither was employed. The vehicle registration listed the owner as Jesus Solis. Manzo's driver's license was suspended.

Deputy Siebken gave Manzo a written warning for speeding and told her she could go. Deputy Siebken then asked if he could talk more with her, and she answered affirmatively. She responded "yeah" and "yes" when Deputy Siebken twice asked her whether he could search the car.

Deputy Gray arrived to assist with the search. He spoke with Valencia in Spanish, obtaining consent for a search of Valencia's person. Valencia was placed in Deputy Gray's

cruiser during the search, while Manzo remained in Deputy Siebken's cruiser. Neither Manzo nor Valencia was handcuffed. Valencia was not asked for consent to search the car, and he did not object to the search.

Deputy Siebken noticed tooling marks on the car doors, and he could not roll down the rear passenger window. The officers removed the rear passenger-side door panels and discovered several containers that were later found to contain methamphetamine. Deputy Gray placed Valencia in handcuffs, and he told Valencia that while he was not under arrest he had to stay in the cruiser. Deputy Gray transported Valencia to the detention center where he was arrested. The next day Valencia was advised of his *Miranda* rights and gave a statement.

## ANALYSIS

Valencia objects to the conclusion that Deputy Siebken reasonably believed that Manzo had authority to consent to the search of the car. Valencia also objects to the lack of a conclusion that Valencia did not impliedly consent to the search.

### Manzo - Apparent Authority

Valencia argues that it was not objectively reasonable for Deputy Siebken to believe that Manzo had authority to consent to a search of the car. Consent to search may be given by the suspect or another person who has "common authority over, or sufficient relationship to, the item to be searched." *United States v. Munoz,* 590 F.3d 916, 922 (8th Cir. 2010). "However, a search is lawful 'where officers reasonably rely on the consent of a third party who demonstrates apparent authority to authorize the search, even if the third party lacks common authority.'" *Id.* (quoting *United States v. Nichols,* 574 F.3d 633, 636 (8th Cir. 2009)). Apparent authority exists when the facts known to the officer at the relevant time allow a reasonable officer to believe the consenting party had authority over

3

the thing to be searched.  *Id.*  Specifically with respect to a driver of a vehicle, the Eighth Circuit has stated:

> The driver of a car has the authority to consent to a search of that vehicle. As the driver, he is the person having immediate possession of and control over the vehicle. . . . This is true even when some other person who also has control over the car is present, if the other person remains silent when the driver consents and does not object to the search.

*United States v. Eldridge,* 984 F.2d 943, 948 (8th Cir. 1993).

In this case, Manzo was driving the car at the time of the stop.  She answered Deputy Siebken's questions regarding how she and Valencia traveled from California to Nebraska, where Valencia obtained the car, and their trip to Chicago.  Valencia did not object to the search.  As the driver who was able to answer relevant questions posed by Deputy Siebken at the time of the stop, Manzo had apparent authority to consent to the search of the car.  Deputy Siebken reasonably believed that Manzo had authority to consent to a search of the car.  The objection is overruled.

**Implied Consent by Valencia**

Valencia argues that Judge Thalken erred in not concluding that he did not impliedly consent to the search, citing *United States v. Poulack,* 82 F. Supp. 2d 1024, 1037-38 (D. Neb. 1999).  In *Poulack,* an officer stopped a truck driven by Guarino.  Guarino's statement that Poulack had control of the truck was supported by the rental agreement.  In the cab of the truck were boxes and a bag owned by Guarino and a bag owned by Poulack.  *Id.* at 1028.  Poulack consented to a search the truck.  *Id.* at 1029.  U.S. District Judge Richard G. Kopf concluded that Poulack lacked the authority to consent to the search of Guarino's boxes.  He found that, knowing the boxes belonged to Guarino, the officer "skirted Guarino by seeking Poulack's consent."  *Id.* at 1034.  Judge Kopf concluded that Poulack lacked actual authority to consent to a search of the boxes.  *Id.* at 1036.  He concluded that the

4

apparent authority doctrine was inapplicable because the officer was mistaken as to a question of law, whether Poulack's consent to a search of the truck extended to Guarino's boxes, as opposed to a question of fact.  *Id.* at 1037.  Judge Kopf then addressed the government's argument that Guarino impliedly consented to the search of his boxes by failing to object when the officer opened them, finding that Guarino did not impliedly consent.  *Id.* at 1037-38.  Judge Kopf granted Guarino's motion to suppress the search of his boxes and denied Poulack's motion to suppress.  *Id.* at 1038-39.

In this case, the issue of implied authority was not raised until Valencia objected to the Findings and Recommendation, and therefore the issue was not before Judge Thalken. Even if the issue had been presented and decided in Valencia's favor, as a driver of the car Manzo had authority over the car and consented to the search.  Moreover, *Poulack* involved the search of closed containers inside a vehicle and does not support Valencia's argument.  The objection is overruled.

IT IS ORDERED:

1.    The Magistrate Judge's Findings and Recommendation (Filing No. 56) is adopted in its entirety;

2.    The Defendant's objections to the Findings and Recommendation (Filing No. 57) are overruled; and

3.    The Defendant's motion to suppress (Filing No. 41) is denied.

DATED this 30th day of July, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge